SHEPHERD, J.,
concurring in part, dissenting in part.
I agree the trial court did not abuse its discretion in denying Shelley Crombie’s motion to relocate to Jacksonville with the minor child. That, of course, is the only issue before us. However, because the majority implies that some force other than herself is responsible for the mother’s predicament and sua sponte remands for a determination of child support, I write to offer the following additional considerations to balance the majority’s digression.
In her Notice of Intent to Relocate with a Child, Crombie provides her reasons for relocating are:
Mother is finding it difficult to live in South Florida with no support system. She is not receiving any child support from child’s father and cannot afford to pay for daycare for said child by herself. Cost of living is less in Jacksonville so mother feels it will be easier to purchase a home in Jacksonville.
Furthermore, Crombie complains she is unable to find work in South Florida and has been unemployed since March 2007. The record, however, reveals that: (1) the mother’s employer, Spectrum Programs, recalled her to employment just one month after she was laid off, but, according to the trial court in the Final Judgment on Time-sharing, “she failed to report,” making it “her actions that caused her unemployment;” (2) contrary to her allegations in her Notice of Intent to Relocate with a Child, Crombie admitted at the hearing on the petition to relocate that Williams had been voluntarily paying some child support to the mother monthly (with one exception) since February 6, 2006, “even though there was no court order for him to do so, and even though the minor child was with the Father seven (7) nights out of fourteen (14)”; and (3) although Crombie filed a Motion to Establish Child Support in September 2006 and has been continuously represented by counsel in these proceedings since their commencement on November 18, 2004, (except for a period of sixty days immediately after she left for Jacksonville unannounced, causing her counsel to withdraw), she has not actively pursued the motion for hearing or otherwise sought to challenge the amount of the father’s voluntary monthly payments.
I am not unmindful of the several good reasons why Crombie wishes to move to Jacksonville. I write only to remark that we tread on dangerous ground when we opine on matters not before us, and express my belief it is as likely as not in this case that Crombie has been, at least to some extent, the author of her own undoing.
With these additional considerations, I concur in the decision of the majority, with the exception, of course, of the majority’s sua sponte remand for a determination of child support when the issue is not before us.